IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| STEPHON GREEN, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| v. | ] | 2:20-cv-00425-ACA |
| | ] | |
| CITY OF BIRMINGHAM, | ] | |
| | ] | |
| Defendant. | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant City of Birmingham's ("Birmingham") motion to dismiss the amended complaint. (Doc. 12). Plaintiff Stephon Green, a former Birmingham police officer, alleges that Birmingham suspended him without pay for three days without adequate due process. Specifically, he asserts that his pre-suspension hearing was inadequate, that Birmingham's appeal process is inadequate, and that Birmingham did not provide him an appeal before an impartial tribunal. (Doc. 10 at 3 ¶ 10, 4 ¶¶ 15, 16).

Birmingham moved to dismiss Mr. Green's complaint for failure to state a claim, or in the alternative, to order Mr. Green to amend the complaint to provide a more definite statement. (*See* Doc. 12). The court **DENIES** Birmingham's motion.

1

## I.     BACKGROUND

At this stage, the court accepts as true the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Birmingham suspended Mr. Green for failing to arrest a suspected drunk driver. (Doc. 10 at 3 ¶ 10). Before suspending him, Birmingham held a "determination hearing" at which Mr. Green had the opportunity to give an oral statement. (*Id.*). Mr. Green was not, however, allowed to call witnesses, review the evidence against him, or cross-examine witnesses against him. (*Id.*). Birmingham allowed Mr. Green to bring "legal counsel or a representative" to the hearing, but his counsel was not given an opportunity to speak. (*Id.*). After the hearing, Birmingham suspended Mr. Green for three-days without pay. (Doc. 10 at 3 ¶ 10).

Mr. Green appealed his suspension to Birmingham's human resources department. (Doc. 10 at 3 ¶ 12).[1] Birmingham's director of human resources reviewed the appeal and upheld the suspension. (*Id.* at 4 ¶ 14). Under Birmingham's review policy, suspensions for less than five days do not warrant a second hearing.

---

[1] Mr. Green also alleges that he "submitted a statement of appeal challenging his three (3) day suspension" almost a month after his appeal. It is unclear from the complaint whether this was a second appeal, documentation supporting the first appeal, or something else. This distinction does not appear to affect merits of Mr. Green's claim.

2

(*Id.* at 4 ¶ 15). Accordingly, Mr. Green's appeal was reviewed on his written statement alone. (*Id.*).

Mr. Green sued Birmingham in the Circuit Court of Jefferson County, Alabama, alleging violations of his Fourteenth Amendment right to due process. (*See* Doc. 1-1). Birmingham filed a notice of removal to this court. (Doc. 1). Because Mr. Green's claims arise under the Constitution of the United States and 42 U.S.C. § 1983, this court has jurisdiction under 28 U.S.C. § 1331. Arguing that Mr. Green's amended complaint fails to state a claim, Birmingham filed a motion to dismiss. (*See* Doc. 12).

## II.    DISCUSSION

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it is the party moving for dismissal that must show that the complaint fails to state a claim. *Garcia v. Casey*, 440 F. Supp. 3d 1282, 1285 (N.D. Ala. 2020) ("The court has no burden to parse through the complaint looking for a reason to grant a defendant's motion to dismiss.").

To establish a procedural due process claim, a plaintiff must show: (1) "a deprivation of a constitutionally-protected liberty or property interest"; (2) state action; and (3) constitutionally inadequate process. *Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F.3d 1232, 1236 (11th Cir. 2003). Adequate due process varies from case to case. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) ("Due process is flexible and calls for such procedural protections as the particular situation demands."). When deciding whether a plaintiff received due process, courts consider three factors: (1) the private interested affected; (2) the risk of error resulting from the procedure used and the value of additional safeguards; and (3) the government's interest, including the burden of additional or substitute procedures. *Id.* at 335.

Birmingham does not dispute that Mr. Green was deprived of a constitutionally-protected property interest by state action. (*See* Doc. 12). Thus, the only question here is whether Birmingham provided Mr. Green with constitutionally adequate process. Mr. Green alleges that Birmingham afforded him inadequate process in three ways: first, that his determination hearing was constitutionally invalid; second, that Birmingham's appeal procedures for suspensions less than five days are facially unconstitutional; and third, that the city employee who reviewed Mr. Green's appeal was biased against him. (Doc. 10 at 5 ¶¶ 20–22).

Birmingham does not respond to the alleged inadequacy of Mr. Green's hearing, the unconstitutionality of the appeal procedure, or the bias of the city employee. Instead, Birmingham agues first that Mr. Green's complaint was a shotgun pleading "with no underlying facts," and second that it should be dismissed because a post-deprivation remedy was available. (Doc. 12 at 7–8) ("[E]ven if a deprivation occurs, there is no procedural due process violation unless the state refuses to make available a means to remedy the deprivation.") (quotation marks omitted).

But the complaint here is not "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). Instead, it contains specific facts that support each allegation. Mr. Green argues that his hearing was inadequate because he did not have the opportunity to call witnesses or review the evidence against him. (Doc. 10 at 3 ¶ 10). He argues that Birmingham's appeal process is unconstitutional because suspensions of less than five days can only be appealed by "submit[ting] a written statement." (*Id.* ¶ 11). And he argues that his appeal was unconstitutional because the human resources director who reviewed the appeal was biased against him. (*Id.* at 4 ¶¶ 14, 16). Contrary to Birmingham's contention, Mr. Green did allege facts to support his

claims, and his complaint is not a shotgun pleading. Thus, Birmingham's first argument for dismissal fails.

Birmingham's next argument is that because it offers an appeal process, Mr. Green's claim fails as a matter of law. (Doc. 12 at 7–8) This argument also falls short. Although an adequate post-deprivation remedy cures a procedural due process violation, *see McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994) (en banc), a constitutionally deficient appeal does not. Mr. Green alleges that the "appeal procedure for suspensions that are less than five (5) days does not comply with the Fourteenth Amendment's right to due process." (Doc. 10 at 5 ¶ 20). He also claims that his appeal was not reviewed by "an unbiased neutral party." (*Id.* at 4 ¶ 16). Birmingham does not respond to either of these allegations, arguing instead that Mr. Green's claim should be dismissed because the appeal provided "a means to remedy the deprivation." (Doc. 12 at 7–8). But it is unreasonable to argue that a due process violation is cured by a constitutionally inadequate appeal, so Birmingham's second argument for dismissal fails.

The court doubts that Birmingham denied Mr. Green adequate due process. A three-day suspension, even without pay, is a minor deprivation of Mr. Green's property interest. And the risk of error and value of additional safeguards are low. Further, courts have long recognized the government's interest in making employment decisions. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532,

Case 2:20-cv-00425-ACA   Document 15   Filed 09/28/20   Page 7 of 7

542–43 (1985). But Birmingham's motion to dismiss is entirely devoid of meritorious argument in favor of dismissal, and this court will not dismiss the amended complaint based on arguments that Birmingham has not made.

### III.  CONCLUSION

The court **DENIES** Birmingham's motion to dismiss the amended complaint and **DENIES** Birmingham's motion for a more definite statement.

**DONE** and **ORDERED** this September 28, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

7